AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**
*May 27, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Simon Micah FLORES | ) | **4:25-mj-320** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 25, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(1) | Transportation of Child Pornography |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Laura Gill, HSI Special Agent
*Printed name and title*

Sworn to before me telephonically.

Date: __05/27/2025__

_____
*Judge's signature*

City and state: __Houston, Texas__   Yvonne Y. Ho, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

4:25-mj-320

AFFADAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Laura J. Gill, being duly sworn, depose and state:

1. I am a Special Agent with the United States Department of Homeland Security (DHS), United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), assigned to Houston, Texas. I have been so employed since July 2009. I am currently assigned to the Child Exploitation Group. As part of my daily duties assigned to this group, I investigate criminal violations relating to child exploitation and child pornography including violations of Chapter 109A, Chapter 110, and Chapter 117, all contained within Title 18 of the United States Code. I have received training in child pornography and child exploitation, and I have had the opportunity to observe and review examples of child pornography in various forms of media including computer media. I have also participated in the execution of search warrants; a number of which involved child exploitation, child pornography, and online solicitation offenses.

2. This affidavit is based on reports your Affiant has read and conversations your Affiant has had with law enforcement officers and investigators involved in this investigation. This affidavit does not set forth all of my knowledge in this matter but is intended only to show that there is probable cause to believe that Simon Micah FLORES is in violation of **Title 18, United States Code, Section 2252A(a)(1),** anyone person who knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography.

3. On or about May 25, 2025, Simon Micah FLORES arrived at the George Bush Intercontinental Airport (IAH) in Houston, Texas aboard Frontier Airlines Flight Number 37 from Cancun, Mexico and presented himself for inspection at the primary port of entry.

4. A search of law enforcement databases revealed FLORES was an exact match to a law enforcement record indicating there was a high-risk FLORES would be in possession of child pornography and was referred to secondary for further inspection.

1

5. Customs and Border Protection (CBP) Officers in the secondary inspection area conducted an interview of FLORES, determined he had an Apple iPhone on his person, and provided him with CBP Publication No. 2123- 1215, "INSPECTION OF ELECTRONIC DEVICES" tear sheet. FLORES was asked to provide his passcode to the device to facilitate the inspection and he did so voluntarily. During the inspection of the cellphone, CBP officers observed what they believed to be images and videos of child pornography stored in the recently deleted album and within the Telegram application installed on his cellphone, as well as messages in the Telegram application between FLORES and several juveniles males that appeared to contain requests for them to send him child pornography images and videos for payment.

6. The HSI Houston Special Agent assigned to the Airport Group was contacted by CBP to inform the agent of their findings. The Airport Group Special Agent requested assistance from the HSI Houston Child Exploitation Investigations Group.

7. Upon arrival at IAH, the HSI Special Agents were briefed by the CBP Officers and shown the images, videos, and Telegram communications located on FLORES' cellphone they believed were child pornography.

8. In the recently deleted album, HSI Special Agents several images meeting the federal definition of child pornography were observed, along with a communication between FLORES and a juvenile male who indicated he was 14-years of age.

9. In the Telegram application, HSI Special Agents observed communication between FLORES and a juvenile male who indicated he was 16-years of age. In the communication, FLORES requested child pornography videos from the 16-year-old juvenile male and advised he would pay him for the videos, negotiated payments, and discussed the purchase of sex toys for the juvenile male complete with screenshots from Amazon.

10. HSI Special Agents conducted an audio recorded interview with FLORES. FLORES was read the Miranda Warning, stated he understood his rights, and agreed to answer questions without an attorney.

11. FLORES admitted to knowing the age of consent is 18, and that images and videos consisting of sexually explicit conduct were illegal to possess, purchase, or receive.

12. FLORES confessed to downloading child pornography to his hidden folder on his cellphone, to receiving child pornography from juvenile males aged 15 to 16, to purchasing

child pornography images and videos from juvenile males aged 15 to 16 using various online services and gift cards.

13. Flores stated he had previously received child pornography from juvenile males via Twitter (now known as X) and he currently utilized Telegram to request and purchase child pornography images and videos from juvenile males he believed to be 15 to 16.

14. FLORES confessed he asked the juvenile males to send him the images and videos, negotiated payment for those images and videos, and to paying them via online payment services and gift cards, including a gift card to purchase sex toys off of Amazon's website.

15. FLORES admitted he last purchased child pornography from a juvenile male he believed to be 16 years old approximately a week before he left on vacation to Cancun, Mexico.

16. FLORES acknowledged he knew it was illegal to purchase child pornography.

17. FLORES confessed to having a sexual interest in children and to receiving sexual gratification through the purchase, receipt, and possession of child pornography.

18. Based on the foregoing information, your affiant believes there is probable cause to believe on or about May 26, 2025, FLORES was in violation of Title 18, United States Code, Section 2252A(a)(1), transportation of child pornography.

*[signature]*
Laura J Gill
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to me, via telephone,
this 27th day of May 2025, and I find probable cause.

*[signature]*
Yvonne Y. Ho
United States Magistrate Judge